SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-08369 PA (FMOx) | Date | January 7, 2009 |
|---|---|---|---|
| Title | Poojitha Preena v. TAC Professional Staffing Services, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

  Before this Court is a Notice of Removal filed by defendants 888 Consulting Group, Inc.; TAC Professional Staffing Services, Inc.; and Technical Aid Corporation ("Defendants") on December 18, 2008. Defendants assert that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

  Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

  The Complaint filed by plaintiff Poojitha Preena ("Plaintiff") does not state his citizenship. In their Notice of Removal, Defendants merely allege that "Defendants are informed and believe, and on that basis allege, that Plaintiff was, at the time he filed the State Court Action, and still is, a citizen of the State of California." (Notice of Removal, p. 2, ¶ 9.) However, "[a] petition alleging citizenship upon information and belief is insufficient" to establish diversity. Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963); see also Kanter, 265 F.3d at 857 ("Absent unusual

SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-08369 PA (FMOx) | Date | January 7, 2009 |
|---|---|---|---|
| Title | Poojitha Preena v. TAC Professional Staffing Services, Inc., et al. | | |

circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

    Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendants have not met their burden to establish this Court's jurisdiction.  See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles Superior Court, Case No. BC399834 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.